# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| NORTHEAST IOWA ETHANOL, L.L.C.,<br><br>    Plaintiff,<br><br>vs.<br><br>GLOBAL SYNDICATE INTERNATIONAL, INC., a Nevada corporation; and DORCHESTER ENTERPRISES, INC.,<br><br>    Defendants. | No. C03-2021<br><br>**REPORT AND RECOMMENDATION** |

Pursuant to plaintiff's March 11, 2004 motion for default judgment (docket number 37) and the District Court's July 29, 2004 order (docket number 41), the clerk entered default against defendant Global Syndicate International, Inc. on July 29, 2004 (docket number 42). On January 23-24, 2006, the case of Northeast Iowa Ethanol, LLC v. Jerry Drizin was tried before the undersigned, Drizin having been the only non-settling defendant who appeared for trial. At the trial, the plaintiff made an oral motion for the entry of default judgment against defendant Dorchester Enterprises, Inc. and renewed its motion for default judgment against Global Syndicates International, Inc. Dorchester Enterprises, Inc. was served with plaintiff's first amended complaint on March 23, 2004. (docket number 84). Dorchester Enterprises, Inc. never appeared in this matter or filed an answer. The evidence adduced at trial demonstrated plaintiff's entitlement to $3,800,000 in compensatory damages and $7,600,000 in punitive damages against Global Syndicate International, Inc., and $3,800,000 in compensatory damages against Dorchester Enterprises, Inc.

Upon the foregoing,

**IT IS RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation within ten (10) days of the date of the report and recommendation,

    1.    That judgment be entered in favor of plaintiff and against Global Syndicate International, Inc. in the amount of $11.4 Million.

    2.    That judgment be entered in favor of plaintiff and against Dorchester Enterprises, Inc. in the amount of $3.8 Million.

**IT IS FURTHER RECOMMENDED** pre-judgment interest on the compensatory damage awards ($3.8 Million) shall accrue from November 13, 2001, at the rate provided by Iowa law for tort judgments, and that the judgment include post-judgment interest and costs as provided by law.

February 13, 2006.

JOHN A. JARVEY  
Magistrate Judge  
UNITED STATES DISTRICT COURT

---

[1] Any party who objects to this report and recommendation must serve and file specific, written objections within ten (10) court days from this date. A party objecting to the report and recommendation must arrange promptly for a transcription of all portions of the record the district court judge will need to rule on the objections.